**Susumu ONO, in his capacity as Chairman of the Board of Land and Natural Resources, State of Hawaii, et al., Plaintiffs,**

v.

**Edwin L. HARPER, Chairman, Federal Property Review Board, et al., Defendants.**

**Civ. No. 82–0766.**

United States District Court, Hawaii.

June 7, 1983.

Tany S. Hong, Atty. Gen., State of Hawaii, William M. Tam, Deputy Atty. Gen., Honolulu, Hawaii, for plaintiffs.

Gary M. Slovin, Corporation Counsel, Maria C. Avinante-Tanaka, Deputy Corporation Counsel, City and County of Honolulu, Honolulu, Hawaii, for intervenors City

**700**

and County of Honolulu and Dept. of Parks and Recreation.

Daniel A. Bent, U.S. Atty. by Michael Chun, Asst. U.S. Atty., Honolulu, Hawaii, and Janice Siegel, David F. Shuey, Dept. of Justice, Land and Natural Resources Div., Washington, D.C., for defendants.

## ORDER GRANTING MOTION TO DISMISS

SAMUEL P. KING, Chief Judge.

Defendants' Motion to Dismiss came on for hearing on June 6, 1983.

The plaintiffs, Susumu Ono as Chairman of the Board of Land and Natural Resources (hereinafter "State") and the City and County of Honolulu (hereinafter "City"), are challenging the Federal Property Review Board's policy of denying no-cost public benefit conveyances of federal surplus land. The action specifically focuses on the denial by the General Services Administration, hereinafter "GSA", of the State's application for conveyances of two sites on Oahu: the Nike 5 and 6 missile site, and the Maile Coast Guard site.

■ Plaintiffs' first claim based on the Administrative Procedure Act, hereinafter "APA", must be dismissed because matters involving public property are specifically exempt from the requirements of the APA. 5 U.S.C. § 553(a)(2). The public property exemption is not limited to day-to-day internal management decisions, but encompasses any agency action where public property is directly involved. *See National Wildlife Federation v. Snow*, 561 F.2d 227 (D.C.Cir. 1976).

■ The plaintiffs' second and seventh claims challenge GSA's decision not to transfer the property at no cost to the State. That decision is one committed to agency discretion by law. There is no judicial review of an agency action which is committed to agency discretion by law. 5 U.S.C. § 701(a)(2). Accordingly, the plaintiffs' claims must be dismissed.

■ The third and fourth claims allege violations of the Land and Water Conserva-tion Fund Act of 1965, 16 U.S.C. 460*l*–4 to 460*l*–11, and the Federal Property and Administrative Services Act, 40 U.S.C. § 484(e)(2)(C). The plaintiffs fail to allege a particularized injury, concretely and demonstrably resulting from the defendants' action, which will be redressed by the remedy sought. Therefore, the plaintiffs lack standing to bring the third and fourth claims. *See Omar Stratman v. Watt*, 656 F.2d 1321 (9th Cir.1981).

■ The plaintiffs' fifth claim alleges a failure to request a consistency determination with the State Coastal Zone Management Program. Federal property is specifically excluded from the Coastal Zone Management Act, hereinafter "CZMA", 16 U.S.C. § 1453(a). A consistency determination is required under the CZMA when any federal activity directly affects the coastal zone of a state. In the instant case, the federal government proposes transfer of title in the land to private persons. Mere transfer of title does not directly affect the coastal zone or the State's management program. It does not change the way in which the land is being utilized. Nor does the federal government, in selling the land, make any representations that the buyer will take the property free of any restrictions placed on the land by the State or the City and County of Honolulu. Accordingly, the plaintiffs' fifth claim must be dismissed because a consistency determination is not required under the CZMA.

■ Plaintiffs' Fifth Amendment due process claim must fail because neither the State nor the City have a cognizable property interest. As stated previously, the GSA has sole discretion in deciding whether or not to grant a no-cost public benefit conveyance. Therefore, the State and the City do not have an interest which rises to the level of an entitlement protected by the Fifth Amendment. *See City of Santa Clara v. Andrus*, 572 F.2d 660 (9th Cir. 1976).

Plaintiffs fail to cite any authority supporting the eighth cause of action. They admit that the allegations do not establish

a specific claim, but rather go to the question of damages.

■ Plaintiffs' ninth, tenth and eleventh claims are based on the National Environmental Policy Act, hereinafter "NEPA", 42 U.S.C. § 4331 *et seq.* The ninth claim alleges a failure to prepare a programmatic environmental assessment, the tenth a failure to prepare a programmatic environmental impact statement. NEPA and its implementing regulation do not require a programmatic assessment or impact statement. A programmatic or comprehensive environmental impact statement may be required when proposals which may have cumulative or synergistic environmental impact are pending concurrently before an agency. *Kleppe v. Sierra Club*, 427 U.S. 390, 96 S.Ct. 2718, 49 L.Ed.2d 576 (1976). No such allegations have been made in the complaint.

Finally, there are no allegations of harm to the physical environment. In *Metropolitan Edison Co. v. People Against Nuclear Energy*, 460 U.S. 766, 103 S.Ct. 1556, 75 L.Ed.2d 534 (1983), the Supreme Court held that an environmental impact statement considering the psychological effects of the operation of an undamaged part of the Three Mile Island nuclear power plant was not required. The Court stressed that the focus of an environmental impact statement is the change in the physical environment caused by the federal action at issue. *Id.* 103 S.Ct. at 1561. As with the CZMA claim, the plaintiffs do not allege that the proposed transfer of title will cause any change in the physical environment.

Accordingly IT IS HEREBY ORDERED that the defendants' Motion to Dismiss is GRANTED.